RANDALL P. MROCZYNSKI (STATE BAR NO. 156784)
DAVID M. GOODRICH (STATE BAR NO. 208675)
**COOKSEY, TOOLEN, GAGE, DUFFY & WOOG**
A Professional Corporation
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977
Telephone:    (714) 431-1050
Facsimile:    (714) 431-1119

Attorneys for Creditor and Respondent
FORD MOTOR CREDIT COMPANY

UNITED STATES BANKRUPTCY COURT

Southern District of California

| | |
|---|---|
| In re<br><br>ANTOINETTE DUMONT,<br><br>    Debtor. | CASE NO. 06-00980 JM<br><br>CHAPTER 7<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF ANTOINETTE DUMONT FILED IN SUPPORT OF DEBTOR'S APPLICATION FOR ORDER TO SHOW CAUSE FOR CONTEMPT OF AUTOMATIC STAY UNDER 11 USC § 362; BANKRUPTCY DISCHARGE UNDER 11 USC § 524 AND 11 USC § 105; AND DRA PROVISIONS OF 11 USC § 526; OTHER STATE AND FEDERAL RELIEF; REQUEST FOR ATTORNEYS FEES AND COSTS** |
| ANTOINETTE DUMONT,<br><br>    Petitioner.<br><br>vs.<br><br>FORD MOTOR CREDIT,<br><br>    Respondent. | Date: March 1, 2007<br>Time: 10:30 a.m.<br>Dept: 1, Room 218<br><br>THE HONORABLE JAMES W. MEYERS |

Respondent FORD MOTOR CREDIT COMPANY, ("FMCC") hereby submits the following Objections to Evidence presented in the Declaration of Antoinette Dumont (hereinafter

1

ANTOINETTE DUMONT; 06-00980 JM7
121.9624   282453.1

"Declaration") filed in the above-captioned matter on February 5, 2007.

1.   At Page 4, Lines 8-9, of the Declaration, Dumont states: "The sales person stated that because my loan with Ford Credit was still 'open' that my 'available credit' was high."

*Objection:* FMCC objects to the introduction of this statement because it is inadmissible hearsay evidence. This statement is an out of court statement offered for the truth of the matter asserted therein, and does not fall within any enumerated exceptions to the hearsay rule and as such is inadmissible pursuant to F.R.E. 802.

2.   At Page 4, Lines 17-19, of the Declaration, Dumont states: "On November 25, 2005, Ford sent to me a "Notice of Our Plan to Sell Property." It further states I was in default because, "You filed Bankruptcy. You did not reaffirm and the debt has been discharged."

*Objection:* FMCC objects to the introduction of this statement because it is inadmissible hearsay evidence. This statement is an out of court statement offered for the truth of the matter asserted therein, and does not fall within any enumerated exceptions to the hearsay rule and as such is inadmissible pursuant to F.R.E. 802. Additionally, this statement is not the best evidence of the contents of the document referred to as the "Notice of Our Plan to Sell Property" and said document speaks for itself. Moreover, Debtor does not properly authenticate the document which is the subject of this statement. (See F.R.E. 901).

3.   At Page 4, Lines 20-22, of the Declaration, Dumont states: "The notice further provides that 'You may not cure the default and reinstate the contract because…you filed for Bankruptcy. You did not reaffirm and the debt has been discharged."

*Objection:* FMCC objects to the introduction of this statement because it is inadmissible hearsay evidence. This statement is an out of court statement offered for the truth of the matter asserted therein, and does not fall within any enumerated exceptions to the hearsay rule and as such is inadmissible pursuant to F.R.E. 802. Additionally, this statement is not the best evidence of the contents of the document referred to as the "Notice of Our Plan to Sell Property" and said document speaks for itself. Moreover, Debtor does not properly authenticate the document which is the subject of this statement. (See F.R.E. 901).

4.   At Page 4, Lines 23-26, of the Declaration, Dumont states: "According to the Notice,

1  my only recourse to the vehicle was thru Redemption. The Notice stated that I may redeem the vehicle within 20 days provided the entire unpaid contract balance of $6,351.43 and 'retaking' expenses of $370.00 for a total of $6,721.43, was paid (plus expenses incurred and less rebate received after the date of this notice which are not itemized)."

*Objection:* FMCC objects to the introduction of this statement because it is inadmissible hearsay evidence. This statement is an out of court statement offered for the truth of the matter asserted therein, and does not fall within any enumerated exceptions to the hearsay rule and as such is inadmissible pursuant to F.R.E. 802. Additionally, this statement is not the best evidence of the contents of the document referred to as the "Notice of Our Plan to Sell Property" and said document speaks for itself. Moreover, Debtor does not properly authenticate the document which is the subject of this statement. (See F.R.E. 901).

DATED: February 21, 2007                    **COOKSEY, TOOLEN, GAGE, DUFFY & WOOG**

By:_____
DAVID M. GOODRICH
Attorneys for Creditor and Respondent
FORD MOTOR CREDIT COMPANY

ANTOINETTE DUMONT; 06-00980 JM7
121.9624   282453.1

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the county of Orange, State of California. I am over the age of eighteen and not a party to the within action; my business address is 535 Anton Boulevard, 10th Floor, Costa Mesa, California 92626-1947.

On **February 22, 2007**, I served the foregoing document described as **OBJECTIONS TO EVIDENCE PRESENTED IN DECLARATION OF ANTOINETTE DUMONT FILED FEBRUARY 5, 2007** on the following parties in this action by first-class mail by placing a true copy(s) thereof enclosed in a sealed envelope(s) addressed as follows:

**DEBTOR(S)**:
ANTOINETTE DUMONT
237 Tamarack Avenue, #E
Carlsbad, CA  92008

**ATTORNEY FOR DEBTOR(S)**:            **VIA DHL OVERNIGHT EXPRESS**
MICHAEL G. DOAN, ESQ.
2850 Pio Pico Drive, Suite D
Carlsbad, CA  92008

**TRUSTEE**:
RICHARD M. KIPPERMAN
P.O. Box 3939
La Mesa, CA  91944-3939

**U.S. Trustee**
Department of Justice
402 W. Broadway, Suite 600
San Diego, CA  92101

I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**I DECLARE** that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **February 22, 2007**, at Costa Mesa, California

_____
Barbra A Spillman

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

ANTOINETTE DUMONT; 06-00980 JM7
121.9624   282453.1